INHABITANTS OF WINTERPORT *vs.* INHABITANTS OF NEWBURGH.

## Waldo. Opinion February 2, 1886.

*Paupers. Settlement. Persons, non compos mentis.*

A person, *non compos mentis,* though more than twenty-one years of age, not emancipated, can not acquire an independent settlement by a residence in a town for five successive years, but will follow the settlement of the father.

The father of such unemancipated *non compos* person, while living in the defendant town, ten years before he removed therefrom, made application for relief to the overseers of the poor of that town, which relief was thereafter furnished each year to 1868, when he moved to the plaintiff town, and, with the exception of that year, relief was afterwards furnished by the defendant town till January, 1882, two years prior to the commencement of this suit. *Held:*

That the settlement of the father was not changed from the defendant to the plaintiff town; and that the only question involved was whether the supplies afterwards furnished by the plaintiff town were necessary and proper within the meaning of the statute.

ON REPORT.

An action to recover for money paid for the board and care of Miss Nancy Holmes, from January 1, 1882, to January 1, 1884, one hundred and seventy-six dollars and eight cents, and

interest, seven dollars and seventy-eight cents, total one hundred and eighty-three dollars and seventy-eight cents. After the evidence was out the action was withdrawn from the jury and reported to the law court to render such judgment as the law and the evidence required.

The opinion states the material facts.

*N. H. Hubbard*, for the plaintiffs.

*Brown and Varney*, for the defendants, contended that the aid furnished by Newburgh was not furnished as pauper supplies, citing *Veazie* v. *Chester*, 53 Maine, 29.

FOSTER, J.    Assumpsit for the recovery of pauper supplies furnished by the plaintiff town to one Nancy Holmes, a *non compos* daughter of Jeremiah Holmes, whose settlement is admitted to have been in the defendant town from 1837 to 1868. From the year last named to the commencement of this suit, the father resided in the plaintiff town. The alleged pauper is *non compos mentis*, and has been so from early childhood. Having always lived in her father's family till the fall of 1881, never having before that time been emancipated or abandoned, though more than twenty-one years of age, she may be regarded, in her legal relations pertaining to pauper settlement, the same as if she were a minor.    Such person, not emancipated, can not acquire an independent settlement by a residence in a town for five successive years, but will follow the settlement of the father. *Islesborough* v. *Lincolnville*, 76 Maine, 575.

The case shows that ten years before the father moved from the defendant town he made application to the overseers of the poor of that town for aid in taking care of this daughter, that it was thereafter furnished each year and paid quarterly up to the year he moved from the defendant town to Winterport, and, with the exception of that year, has ever since been furnished by the defendant town up to January, 1882.    His settlement therefore remained in the defendant town.

Really, then, the only question presented for our consideration is whether the supplies afterwards furnished by the plaintiff

town—from January, 1882, to January, 1884,—were necessary and proper within the meaning of the statute. Due notice and denial are admitted.

The pecuniary ability of the father appears to have been substantially the same during all the years in which he was receiving aid on account of this child, not only while living in Newburgh, but also during the twelve or thirteen years in which he was assisted by that town after his removal to Winterport. In the fall of 1881, whatever property he then owned, consisting of a small farm incumbered for nearly its value, besides a horse, cow and a small quantity of furniture, he conveyed, for the support of himself and wife during life, to his other daughter, Mrs. Bussey. His wife had been blind and helpless for several years. At the time of this conveyance to Mrs. Bussey, the defendant town was furnishing assistance to the father on account of the pauper, and afterwards made the last quarterly payment for that year to the husband of Mrs. Bussey, who then appeared to be the head of the family.

It is a legal presumption that the officers of the defendant town performed their duty in their investigations as to the necessity of that relief furnished by their town for more than twenty years. The evidence in the case is sufficient to show that such relief was not only applied for and furnished, but was received as pauper supplies during all those years. There is no evidence to sustain the position of the defense, that such aid was furnished as a gift or loan to the parent, or that there was any understanding between the party receiving such aid and the party furnishing it, that the same should not be considered as supplies furnished under the statutes. Nor is there anything to show that any arrangement was made for the support of the pauper at the time of the conveyance to Mrs. Bussey. Application was made to the overseers of the plaintiff town for relief on account of the pauper, and after investigation the same relief was furnished as had been done years before by the defendant town. The necessity was certainly as imperative during the two years covered by this suit, when the pauper was not a member of the father's family, with no legal provision for her care and support,

as when the parental and filial relation subsisted and she was a member of her father's family and under his care and protection.

*Judgment for plaintiff for $183.78 and*
*interest from date of writ.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.